UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOLANDA BELL, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-cv-00738 (RC) |
| UNITED STATES OF AMERICA, *et. al*, | : |
| Defendant. | : |

### MEMORANDUM OPINION & TRANSFER ORDER

This matter is before the Court on Defendants' Motion to Dismiss and Memorandum ("Defs.' Mem.") [collectively, ECF No. 12] and exhibits in support ("Defs.' Exs.") [ECF No. 12-1]. Defendants move to dismiss Plaintiff's Amended Complaint ("Am. Compl.") [ECF No. 6], pursuant to Fed. Rs. Civ. P. 12(b)(3) and (b)(6), or alternatively, transfer this matter to Virginia. Plaintiff filed an Opposition ("Pl.'s Opp.") [ECF No. 18], to which Defendants have filed a Reply [ECF No. 19]. For the reasons stated herein, Defendants' Motion is granted, and this case will be transferred in the interest of justice to the Eastern District of Virginia.

Plaintiff filed the Amended Complaint on April 23, 2018. She sues the United States, the U.S. Department of Justice, the U.S. Attorney's Office, Jefferson B. Sessions III (in his official capacity as U.S. Attorney General),[1] Chad A. Readler (in his official capacity as Acting Assistant Attorney General for the United States Department of Justice), James N. Mattis (in his official capacity as Secretary of Defense), Admiral Mark D. Harnitchek[2] (in his official and individual capacity as Director of the Defense Logistics Agency), Michael Simon, III (in his official and

---

[1] Several of the named Defendants are no longer current and will need to be amended pursuant to Fed. R. Civ. P. 25(d).
[2] The parties do not indicate whether any of the individual defendants have been served in their individual capacities. The United States has not moved to substitute itself as the sole defendant pursuant to the FTCA's substitution provision. *See* 28 U.S.C. § 2679(d)(1).

1

individual capacity as the Program Manager of the Defense Travel Office of the Defense Logistics Agency), and Davis McLemore, (in his official and individual capacity as the Deputy Program Manager of the Defense Travel Office of the Defense Logistics Agency).[3]  *See* Am. Compl. at 3.

Plaintiff brings an assortment of tort claims, all pursuant to the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. Pt. VI Ch. 171; *see also* 28 U.S.C. § 134, including, "intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence, negligent acts and omissions during her employment." Am. Compl. at 1.  She specifically alleges that, while working at the Defense Logistics Agency ("DLA"), a support agency of the Department of Defense, her employer and supervisors, Harnitchek, Simon, and McLemore, "failed to protect her from abuses before[,] during[,] and after the filing of her [Federal Employees' Compensation Act] FECA claim." *Id.* at 5.  She alleges that, as a result of her FECA claim, she suffered inter-office harassment and abuses by co-workers.  *See id.* at 4; see also Pl.'s Opp. at 4.  She expressly states that "[t]his is not a Title VII complaint," and that this matter "does not hinge on Title VII issues." Am. Compl. at 2.  She seeks damages in excess of $15 million.[4]  *See id.* at 1–2.

Defendants argue that Plaintiff has failed to establish venue in the District of Columbia. *See* Defs.' Mem. at 3–6.  In reviewing a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), a court "accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor and resolves any factual conflicts in the plaintiff's favor." *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 11

---

[3] Although Plaintiff names agencies and individuals in their official capacities, the "United States of America is the only proper defendant in a suit under the FTCA." *Chandler v. Fed. Bureau of Prisons*, 226 F. Supp.3d 1, 6, n. 3 (D.D.C. 2016); *see also Coulibaly v. Kerry*, 213 F. Supp.3d 93, 125 (D.D.C. 2016) ("[A] plaintiff may not bring tort claims against federal officials in their official capacities or against federal agencies; the proper defendant is the United States itself[.]"); 28 U.S.C. § 2679(a).

[4] The Court has grave doubts that a federal employee's tort claims for acts occurring in the workplace and alleged to have been committed by federal employees are not preempted by FECA.  *See United States v. Lorenzetti*, 467 U.S. 167, 169 (1984); 5 U.S.C.A. § 8116(c).  The parties shall address this jurisdictional issue at an early juncture once this matter has been transferred.

(D.D.C. 2009). The Court, however, need not accept Plaintiff's legal conclusions as true, and may consider material outside the pleadings, including undisputed facts evidenced in the record, to determine whether it has jurisdiction and if venue is proper. *See Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005); *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003); *Herbert v. Nat'l Acad. of Sci.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 51 (D.D.C. 2014), *aff'd* 602 Fed. Appx. 836 (D.C. Cir. 2015); *Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123, 129–30 (D.D.C. 2013) (citations omitted); *Wilson v. Obama*, 770 F. Supp. 2d 188, 190 (D.D.C. 2011) (citations omitted).

"To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue." *Khalil v. L–3 Commc'ns Titan Grp.*, 656 F. Supp. 2d 134, 135 (D.D.C. 2009). Nevertheless, the burden remains on Plaintiff to establish that venue is proper since it is "the plaintiff's obligation to institute the action in a permissible forum." *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011) (citation and internal quotation marks omitted). Here, Defendants provide sufficient facts, legal argument, and evidentiary support, demonstrating that venue in this jurisdiction is improper.

Plaintiff resides in Manassas, Virginia. *See* ECF No. 1 at caption; *see also* Case No. 18-cv-00738 (RC) Matter Docket. The Court takes judicial notice that the DLA headquarters is located at 8725 John J. Kingman Road, Fort Belvoir, VA 22060-6221. *See, e.g., Louis v. Hagel*, 177 F. Supp. 3d 401, 404 n.4 (D.D.C. 2016) (taking judicial notice of locations and geographical distances in venue challenge); *see also Abraham v. Burwell*, 110 F. Supp. 3d 25, 27 (D.D.C. 2015) (taking judicial notice of agency location in venue challenge); Defs.' Ex. 1. While employed with DLA, Plaintiff worked in Virginia and resided in Virginia. *See* Defs.' Ex. 2. Plaintiff filed an administrative claim related to the instant case, identifying the Fort Belvoir address and alleging

that all relevant events occurred at DLA.  *See* Defs.' Ex. 1.  She also attested that all of her known witnesses are located in Virginia.  *See id.*

The Amended Complaint alleges that the events occurred "in the District of Columbia Metropolitan Area/National Capital Region."  Am. Compl. at 3.  In opposition to Defendants' arguments, Plaintiff claims that venue is proper because "the District of Columbia . . . is the "Capital of the United States[,] . . .the Department of Defense is based in the Pentagon which is widely known to be headquartered in Washington, D.C. . . .[and] the Secretary of the Defense sits in the Pentagon."  Pl.'s Opp. at 3.

Venue is improper in the District of Columbia.  The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.  28 U.S.C. § 1406(a).  Courts in this jurisdiction must examine personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia.  *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). By naming federal government agencies as defendants, a plaintiff could attempt to bring a suit in the District of Columbia that should properly be pursued elsewhere.  *See id.*  In that regard, the location of the agency's headquarters office does not automatically establish venue in this district.  *See Bartel v. Federal Aviation Admin.*, 617 F. Supp. 190, 199 (D.D.C. 1985) (District of Columbia location of headquarters was irrelevant to determining proper venue for FTCA claim, where plaintiff resided in Maryland and no events occurred in District of Columbia).  Therefore, the mere inclusion of the Department of Defense as a defendant in this matter does not establish venue.

Importantly, FTCA allegations against the United States or its agencies "may be prosecuted *only* in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."  28 U.S.C. § 1402(b) (emphasis added).  "Under the prevailing interpretation of

4

section 1402(b), venue is proper in the District of Columbia if sufficient activities giving rise to plaintiff's cause of action took place here." *Franz v. United States*, 592 F. Supp. 374, 378 (D.D.C. 1984). Plaintiff fails to identify *any events* that took place in the District of Columbia and improperly relies solely on the fact that she is suing the federal government. *See* Am. Compl. at 3; *see also* Pl.'s Opp. at 3.

Plaintiff does not dispute that she resides in Virginia or that the activities giving rise to her cause of action also occurred there. She instead argues that the location of DLA headquarters is irrelevant because she is, in essence, suing the United States. *See* Pl.'s Opp. at 3. Plaintiff is correct that the location of an agency does not, on its face, necessarily establish venue. However, in Plaintiff's particular circumstance, the location of DLA is exceedingly relevant because she worked there, and the events transpired there, and if not there, another Virginia location. *See* Defs.' Mem. at 3–6; *see also* Defs.' Exs. 1–2. These facts, in addition to Plaintiff's Virginia residence, are central and conclusive to the analysis of venue in a FTCA matter. *See* 28 U.S.C. § 1402(b).

Having determined that venue in this District is improper, the Court must either dismiss the Amended Complaint or, if the Court finds that it is "in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision whether to transfer or dismiss "rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983); *see also* 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3827 (3d ed. 2015) ("[I]t is enough simply that the district judge, in the sound exercise of discretion, concludes that transfer is in the interest of justice, as many courts have concluded."). "Generally, the interest of justice requires transferring such cases to the appropriate judicial district rather than dismissing them."

*Williams*, 792 F. Supp. 2d at 64 (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962); *James v. Booz–Allen*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002)).

The Court finds that it is in the interest of justice to transfer this case to the United States District Court for the Eastern District of Virginia, rather than dismiss Plaintiff's Amended Complaint. While the Amended Complaint is not a model in clarity, and will likely face additional challenges, complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Furthermore, it would be more efficient and economical to transfer the case, rather than compel Plaintiff to re-file and re-serve these parties in another District. *See Roland v. Branch Banking & Trust Corporation*, 149 F. Supp. 3d 61, 68–9 (D.D.C. 2015) (transferring *pro se* case in lieu of dismissal); *see also Herbert v. Sebelius*, 925 F. Supp. 2d 13, 22 (D.D.C. 2013) (determining same).

For all of the foregoing reasons, and accordingly, Defendants' Motion is **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(3), and it is **ORDERED** that this case is **TRANSFERRED** in the interest of justice, pursuant to 28 U.S.C. § 1406(a), to the **United States District Court for the Eastern District of Virginia**.

Date: March 29, 2019

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge